*In the matter of Catharine Livingston, a lunatic.* J. BLUNT, for petitioner. Decided, in this case, that the court is not au- Extra allowances to committees of Lunatics. thorized to allow the committee of a lunatic for his services in the care and management of the lunatic's estate, any greater or different compensation than that which is fixed by the revised statutes as the allowanace to be made to executors and administrators and guardians. That where the interest of the lunatic's estate requires the employment of an agent or clerk, the committee may present a petition for leave to employ one, and to pay him out of the income of the property ; due notice of such application being given to the presumptive heirs of the lunatic.

Committee authorized to apply the surplus income of the lunatic's property to the improvement of the unproductive real estate, and a reasonable portion of the capital of the personal estate to the extent of 20 or $25,000, in building upon the vacant lots.

*In the matter of Jacob Cross, a lunatic.* A. TABER, for the lunatic ; J. RHOADES, for the committee. Application of the lunatic to be restored to his estate denied on three grounds : Verification of petitions. 1st. That the petition is defective in being sworn to before the solicitor of the petitioner : 2d. That the jurat does not Restoration of lunatic to his estate. state that the officer who swore the petitioner examined him as to the state of his mind, and that he believed him to be sane : 3d. That the petitioner has been found a lunatic, and it does not appear that there has been any change in his situation for the better, since the inquisition was found.